IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KATRAIL BRIDGES | No. 3:19-cr-50047-5<br><br>HON. IAIN D. JOHNSTON |

## MEMORANDUM OPINION AND ORDER

Defendant Katrail Bridges was indicted on one count of conspiracy and two counts of robbery. At trial, the jury found him guilty on the conspiracy count but not guilty on the robbery counts. Mr. Bridges now moves for a judgment of acquittal and a new trial under Federal Rules of Criminal Procedure 29 and 33. For the following reasons, Mr. Bridges' motion is denied.

## LEGAL STANDARD

A motion for judgment of acquittal under Rule 29 challenges the sufficiency of the evidence. *See* Fed. R. Crim. P. 29. The Court reviews the evidence in the light most favorable to the government, drawing reasonable inferences in its favor. *United States v. Gomez*, 29 F.4th 915, 924 (7th Cir. 2022). A conviction must be set aside "only if no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Moreno*, 922 F.3d 787, 793 (7th Cir. 2019) (quoting *United States v. Maldonado*, 893 F.3d 480, 484 (7th Cir. 2018)). "If there is a reasonable basis in the record for the verdict, it must stand." *United States v. Moshiri*, 858 F.3d 1077, 1082 (7th Cir. 2017).

On a motion for a new trial under Rule 33, a court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). This is "reserved for only the most extreme cases," *United States v. Coscia*, 4 F.4th 454, 465 (7th Cir. 2021) (quoting *United States v. Hagler*, 700 F.3d 1091, 1101 (7th Cir. 2012)), and a new trial should be granted "only if the evidence preponderates heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand," *United States v. O'Brien*, 953 F.3d 449, 456 (7th Cir. 2020) (quoting *United States v. Swan*, 486 F.3d 260, 266 (7th Cir. 2007)).

## DISCUSSION

Mr. Bridges challenges the sufficiency of the conspiracy conviction, arguing that because the jury effectively rejected the evidence that the government presented for the two counts of robbery, there was no evidence to support a conviction of conspiracy.[1] But the evidence of the robberies wasn't the only evidence that could have supported the conspiracy conviction; multiple witnesses testified about the conspiracy's setup and structure, apart from the specific robberies. For example, Narcellus Taylor testified that he pleaded guilty to "a conspiracy to commit a series of robberies of electronic stores" and explained how he organized everything. Dkt. 565 at 349:7-11, 349:20-351:1. That's evidence that the conspiracy existed. And Brenda Price testified that Mr. Bridges was "part of the group that was committing these robberies," Dkt.

---

[1] Mr. Bridges concedes that a verdict doesn't need to be consistent, Dkt. 562 at 2 (quoting *United States v. Isaksson*, 744 F.2d 574, 579 (7th Cir. 1984)), so the Court need not address whether the verdict in this case was inconsistent. That said, the Court's analysis in this opinion also shows how the verdict is not inconsistent. *See also, e.g., United States v. Jett*, 908 F.3d 252, 273 (7th Cir. 2018) (finding that a reversal of a robbery conviction didn't warrant reversing a conspiracy conviction).

565 at 473:12-14—that's a reasonable basis for finding that Mr. Bridges joined the conspiracy. Mr. Bridges' involvement in the specific robberies isn't needed to find him guilty of conspiracy, so his motion is denied.

Date: August 8, 2024

_____
HON. IAIN D. JOHNSTON
*United States District Judge*